IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


THOMAS SINCLAIR,                        :

     Petitioner,                    :

v.                                      :    CIVIL ACTION NO. 07-00214-CG-B

WARDEN JERRY FERRELL,                   :

     Respondent.                    :


## REPORT AND RECOMMENDATION

Thomas Sinclair, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his 2004 conviction by a jury in the Clarke County, Alabama, Circuit Court for first degree rape, for which he received a sentence of ten (10) years imprisonment. (Doc. 1; Doc. 6).

This matter is now before the undersigned Magistrate Judge on Petitioner's petition, Respondent's answer and amended answer, briefs, responses, and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts. Following a careful review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted on the issues.[1] See 28

---

[1]Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the

U.S.C. § 2254(e)(2).

<u>FINDINGS OF FACT</u>

The Alabama Court of Criminal Appeals found the facts of this case to be as follows:[2]

---

extent to which hearings are permissible, not merely the extent to which they are required." <u>Kelley v. Sec'y for Dep't of Corrs.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004).  The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

[2]AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)).  "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Id.</u>

> The appellant, Thomas Sinclair was convicted of one count of first-degree rape, a violation of § 13A-6-61, Ala. Code 1975. He was sentenced to 10 years' imprisonment. This appeal followed.

(Doc. 6, Ex. C at 1).

Sinclair was indicted by the Clarke County Grand Jury on August 14, 2003, and charged with rape, first degree. See (Docs. 7, Ex. A at 12-13). On November 30, 2004, Petitioner executed a Plea of Not Guilty and Waiver of Arraignment. (Id. at 55). Following a jury trial in the Circuit Court of Clarke County, Alabama, Petitioner was convicted on December 1, 2004, of one count of first degree rape, in violation of § 13A-6-61, Ala. Code 1975. Petitioner was represented by attorneys J. Glen Padgett and Robert Roy Bedwell. (Docs. 1 at 10; 7, Ex. A at 7).

Ben Kelly, Esq., was appointed to represent Sinclair during the direct appeal of his conviction and sentence. Attorney Kelly filed a motion to withdraw and a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), stating that his review of the record established no meritorious issues that could be raised on appeal from Petitioner's convictions. (Doc. 6, Ex. B). Sinclair filed a letter with the appellate court, pro se, stating that he wished to pursue a claim of ineffective assistance of counsel. (Doc. 6, Ex. C). On April 7, 2005, the Alabama Court of Criminal Appeals notified Sinclair that

_____

(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

he would only be permitted to raise his claim of ineffective assistance of counsel if he raised that claim at the trial court level either during trial or within 30 days of sentencing. See (Doc. 6, Ex. C). In affirming the judgment of the circuit court, the Alabama Court of Criminal Appeals, by unpublished memorandum, specifically determined that appellate review was limited to matters properly raised before the trial court and that Sinclair did not present his claim to the trial court; thus, Sinclair's claim was not preserved for review.[3] Additionally, the court noted that it "reviewed the record in this case and [] found no error harmful to Sinclair's rights. (Doc. 6, Ex. C at 2). A certificate of judgment was entered on June 29, 2005. (Id. at Ex. D). The record does not reflect, and Sinclair does not allege that he

---

[3]The appellate court opined:

> Our review of the record reveals that Sinclair did not present this issue to the trial court; as such, it is not properly preserved for appellate review. Review by this Court is limited to matters properly raised before the trial court. See Carter v. State, 627 So.2d 1027 (Ala. Crim. App. 1992), aff'd, 627 So.2d 1030 (Ala. Crim. App. 1993). "Even constitutional claims may be waived on appeal if not specifically presented to the trial court." ... "'"[T]o preserve an issue for appellate review, it must be presented to the trial court by timely and specific motion setting out the specific grounds in support thereof.... An issue raised for the first time on appeal is not correctly before this court."'"... In addition, "'[w]e will not make exception to the rule that a claim for ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court.'"

(Doc. 6, Ex. C at 2, n.1).

sought a rehearing or that he filed a petition seeking certiorari review before the Supreme Court of Alabama.

On May 5, 2006, Sinclair filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, which was summarily denied by the trial court on June 13, 2006. (Docs. 1; 6, Ex. E at 32); <u>see</u> (Doc. 6, Ex. E, p. 13). Sinclair appealed, and the Alabama Court of Criminal Appeals affirmed the trial court's decision on October 27, 2006. (Docs. 1; 6, Ex. I). In affirming the trial court's denial of Sinclair's Rule 32 petition, the Alabama Court of Criminal Appeals ruled that Sinclair's claims of ineffective assistance of trial and appellate counsel "were either precluded from appellate review or without merit." (<u>Id.</u>) Sinclair's subsequent application for rehearing was overruled on December 1, 2006. (Doc. 6, p. 2; Ex. J). Sinclair then filed a petition seeking certiorari review before the Alabama Supreme Court. (Doc. 6, Ex. K). His petition was denied, and a certificate of judgment was entered on February 9, 2007. (Doc. 6, Ex. L). On that same day, the Alabama Court of Criminal Appeals issued its certificate of judgment. (Doc. 6, Ex. M).

On or about March 10, 2007, Sinclair filed the instant petition for a writ of habeas corpus, in which he alleges several instances of ineffective assistance of counsel in support of his request for habeas relief. (Doc. 1). The essence of Sinclair's claims is that his trial counsel rendered ineffective assistance

when counsel denied him his right to call witnesses and to testify on his behalf; misinformed him about his trial; failed to investigate and to prepare for trial and admitted to being inexperienced in rape cases. (Id.)   In his Amended Answer[4], Respondent asserts that Sinclair is not entitled to relief on the basis of any of his claims. (Doc. 15). Specifically, Respondent contends that Sinclair's claims are procedurally defaulted and were insufficiently pleaded in his federal habeas petition. (Id.)  This case is ripe for a decision by this Court.

<u>DISCUSSION</u>

Upon careful review of the record, the undersigned notes that Sinclair's claims were raised in his direct appeal and in his Rule 32 proceedings, were considered by the state courts, and were denied on the merits. 28 U.S.C. § 2254(d) provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[4]Respondent, on May 15, 2007, filed his initial answer to Sinclair's petition seeking habeas corpus relief, wherein he alleged that Petitioner's petition was barred by the one-year statute of limitation. (Doc. 6).  However, after a thorough review of the record, the undersigned determined that Sinclair's petition was, in fact, timely filed and directed Respondent to file an amended answer by January 25, 2010. (Doc. 13).  By Order dated February 5, 2010, the time for Respondent to submit an amended answer was extended to February 12, 2010. (Doc. 14). Accordingly, pursuant to the Court's Order, Respondent subsequently filed his amended answer. (Doc. 15).

> (1) resulted in a decision that was
> contrary to, or involved an
> unreasonable application of, clearly
> established Federal law, as
> determined by the Supreme Court of
> the United States; or
>
> (2) resulted in a decision that was
> based on an unreasonable
> determination of the facts in light
> of the evidence presented in the
> State court proceeding.

<u>Id.</u>  In <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000), Justice O'Connor, writing for a majority of the Court, recognized that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."

> A state-court decision is contrary to the
> Supreme Court's clearly established precedent
> (1) if the state court applies a rule that
> contradicts the governing law as set forth in
> Supreme Court case law, or (2) if the state
> court confronts a set of facts that are
> materially indistinguishable from those in a
> decision of the Supreme Court and nevertheless
> arrives at a result different from Supreme
> Court precedent.  <u>See</u> <u>Williams v. Taylor</u>, 529
> U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed.
> 2d 389 (2000).
>
> A state court decision involves an
> unreasonable application of Supreme Court
> precedent "if the state court identifies the
> correct governing legal rule from [Supreme
> Court] cases but unreasonably applies it to
> the facts of the particular state prisoner's
> case." <u>Williams</u>, 120 S. Ct. at 1520.  In
> addition, a state court decision involves an

> unreasonable application of Supreme Court
> precedent "if the state court either
> unreasonably extends a legal principle from
> [Supreme Court] precedent to a new context
> where it should not apply or unreasonably
> refuses to extend that principle to a new
> context where it should apply." Id.

Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  Moreover,

as discussed above, the Act, as amended, presumes as correct all

determinations of factual issues made by a state court and places

the burden upon the Petitioner of rebutting such a presumption of

correctness by clear and convincing evidence.  28 U.S.C. §

2254(e).

To prevail on any of his claims of ineffective assistance of

counsel, Petitioner bears the additional burden of establishing by

a preponderance of the evidence that his trial counsel's

performance was deficient and that he was actually prejudiced by

the inadequate performance.  Strickland v. Washington, 466 U.S. 668

(1984).  The elements to be considered are as follows:

> First, the defendant must show that counsel's
> performance was deficient.  This requires
> showing that counsel made errors so serious
> that counsel was not functioning as the
> "counsel" guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must
> show that the deficient performance prejudiced
> the defense.  This requires showing that
> counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose
> result is reliable.

Id., 466 U.S. at 687.  Thus, Sinclair must demonstrate that his

counsel's performance "fell below an objective standard of

8

reasonableness," <u>Strickland</u>, 466 U.S. at 688, **and** that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.  "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'"  <u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." <u>House v. Balkcom</u>, 725 F.2d 608, 615 (11th Cir. 1984).  An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight.  <u>Messer v. Kemp</u>, 760 F.2d 1080, 1088 (11th Cir. 1985).  A federal court must apply a "heavy measure of deference to counsel's judgments." <u>Singleton v. Thigpen</u>, 847 F.2d 668, 670 (11th Cir. 1988) (quoting <u>Strickland</u>, 446 U.S. at 691).

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

<u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001) (quoting <u>White v. Singletary</u>, 972 F.2d 1218, 1220-21 (11th Cir. 1992)).  The

Court will consider each of Sinclair's ineffective assistance of counsel claims in turn.

As a preliminary matter, Respondent alleges that the decisions of the Alabama state courts, denying Sinclair relief, are correct and that Sinclair's instant claims would be procedurally defaulted in this Court because the state courts properly determined that his petition was ripe for summary disposition under Ala.R.Cr.P. 32.7(d). (Doc. 15).[5] The Alabama Court of Criminal Appeals affirmed the lower court's decision denying the claims in Sinclair's Rule 32 pleadings, stating:

> Here, Sinclair has failed to meet the two-prong test required by Strickland to prevail on an ineffective

---

[5]As indicated above, Sinclair's claims were barred on direct appeal due to his failure to properly raise them before the trial court. Specifically, the Alabama Court of Criminal Appeals determined that Sinclair's ineffective assistance of trial counsel claims were precluded because of his failure to raise those claims either during trial or within 30 days of the date of sentencing. (Doc. 6, Ex. C). However, Sinclair presented his claims in a Rule 32 petition, which was denied by the trial court. (Doc. 6, Ex. E at 32). The relevant portion of the trial court's Order reads as follows:

> The Petitioner has failed to sufficiently prove by a preponderance of the evidence an issue of material fact or law that would entitle him to relief. (See Rule 32.2 A.R.Cr.P.) It was Petitioner's decision not to testify and not his counsels' as he alleges. Furthermore, the Petitioner was not prejudiced by his counsels' strategic decision to only call one defense witness. Furthermore, a bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. (See Rule 32.6(b) A.R.Cr.P.)

(Doc. 6, Ex. E at 32)

assistance of counsel claim. Sinclair has failed to prove
that his counsel's performance was deficient as well as
failing to prove how that alleged deficiency prejudiced
his defense.  Sinclair's claims of ineffectiveness appear
to concern his attorney's trial strategy.  When reviewing
strategic decisions, this Court has held:

> "Strategic   choices   made   after   a   thorough
> investigation  of  relevant  law  and  facts  are
> virtually unchallengeable." <u>Ex parte Lawley</u>, 512
> So.2d at 1372. Further, a mere difference of
> opinion between defendant and his trial counsel is
> insufficient   to   render   counsel's   performance
> ineffective. <u>Patrick v. State</u>, 680 So.2d 959, 962
> (Ala. Crim. App. 1996). Under the circumstances of
> this case, defense counsel made a well-reasoned
> decision to focus his efforts on that part of the
> trial that he believed offered the greatest chance
> of success. We see no reason to second-guess
> defense   counsel's   decisions   regarding   this
> strategy."

<u>Miller v. State</u>, 913 So.2d 1148, 1161 (Ala. Crim. Appl.
2004). Based on the foregoing, it is clear that
Sinclair's claim of ineffective assistance of trial and
appellate counsel is without merit.

 Rule 32.7(d), Ala. R. Crim. P., authorizes the trial
court to summarily dismiss a petitioner's Rule 32
petition:

> "[i]f the court determines that the petition is
> not sufficiently specific, or is precluded, or
> fails to state a claim, or that no material issue
> of fact or law exists which would entitle the
> petitioner to relief under this rule and that
> purpose   would   be   served   by   any   further
> proceedings,  the  court  may  either  dismiss  the
> petition  or  grant  leave  to  file  an  amended
> petition."

[] As discussed above, Sinclair's claims were either
precluded from appellate review or without merit. Thus,
summary disposition was appropriate.

 Based on the foregoing, the judgment of the trial
court is affirmed.

**AFFIRMED.**

(Doc. 6, Ex. I) (citations omitted).   Thus, contrary to Respondent's assertions, Sinclair's challenges to his trial counsel's performance were, indeed, rejected on the merits by the state trial and appellate courts.[6]   Consequently, the present challenge to trial counsel's performance should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.

As noted supra, the essence of all of Sinclair's claim is the alleged ineffective assistance of trial counsel.   Specifically, Sinclair alleges he received ineffective assistance of counsel where his trial attorneys, J. Glen Padgett and Robert Roy Bedwell, denied him his right to call witnesses and to testify on his own behalf, misadvised him about his trial and failed to fully investigate the case. Sinclair also alleges that trial counsel were inexperienced in rape trials. (Doc. 1, p. 7). After a thorough review of the record in this case, and construing Sinclair's vaguely pled petition liberally, it appears that Sinclair is asserting the identical allegations he raised in his direct appeal and Rule 32 proceedings.

In his state court proceedings, Sinclair alleged that his

---

[6]Summary rejection of a claim by a state court, even without explanation, qualifies as an adjudication of the merits. See Arroyo v. Sec'y, Fla. Dep't of Corrs., 2010 U.S. Dist. LEXIS 12794, at *6 (M.D. Fla. Jan. 26, 2010).

trial counsel were ineffective for failing to call witnesses in his defense to show that he was innocent of the offense of rape and forbade him from testifying. To be exact, Sinclair contends that he advised trial counsel that there were two (2) witnesses he wished to call at trial, namely, Glen Alexander and Franky Crawford, who "would have and could have verified the Petitioners [sic] innocence." (Doc. 6, Ex. E at 15).[7] Further, Sinclair avers that the testimony of these witnesses "went to the core of the Petitioner's defense, which was the fact that the Petitioner and the alleged victim was [sic] in fact having an extramarital (so-to-speak) relationship, and one [sic] the victim has learned that her male counterpart had become suspicious, the alleged victim created this story of the Petitioner raping her...." (Doc. 6, Ex. E at 17). According to Sinclair, both potential witnesses would somehow corroborate his claim that he was not guilty of rape and could verify that he and the rape victim in his case were engaged in a consensual sexual relationship. (Doc. 6, Exs. E & F). Sinclair maintains that had Alexander and Crawford's testimonies been heard, the outcome of the trial would have been different as to the charge

---

[7]In his Rule 32 petition filed in the trial court, Sinclair states that Alexander and Crawford were in fact subpoenaed to testify (Doc. 6, Ex. E at 16); however, in Sinclair's response to the State's Answer to his Rule 32 petition, he states that "trial counsel has no subppoenas [sic] issued for the named witness." (Doc. 6, Ex. E at 33). It is not clear from the record whether trial subpoenas were in fact issued for either Crawford or Alexander.

of first degree rape.[8] (Id.)

Based on the record before the Court, the undersigned finds that Sinclair has not shown that defense counsel erred in failing to call either Alexander or Crawford as witnesses.[9] Generally, complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. See Buckelew v. U.S., 575 F.2d 515 (5th Cir. 1978) (citations omitted)[10]. "Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness' testimony amounts to the abandonment of a viable, outcome-changing defense." Jordan v. McDonough, 2008 U.S. Dist. LEXIS 831, *12, 2008 WL 89848, *5 (M.D. Fla. Jan. 7, 2008) (citations omitted). "In all other cases, the failure to call a witness is either an objectively-reasonable strategic decision or a non-prejudicial error." Id. (citation omitted).

Additionally, self-serving speculation about putative witness

---

[8]Respondent contends that Sinclair has failed to allege the substance of Alexander and Crawford's testimonies and that even if he had, their testimonies would amount merely to inadmissible hearsay. (Doc. 15).

[9]The defense called one witness to testify, Ralph D. Neal, Jr., M.D. See (Doc. 7, Vol. 2 at 9).

[10]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

testimony will not sustain an effective assistance of counsel claim. United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991); see Malone v. Sec'y, Fla. Dep't of Corr., 2009 WL 2579216, at *3 (M.D. Fla. Aug. 20, 2009). Rather, to succeed on a challenge to trial counsel's failure to subpoena or call a witness, Sinclair must present evidence about the witness testimony in the form of actual testimony by the witness or through a witness' affidavit stating to what they would have testified. Ashimi, 932 F.2d at 650. Plainly stated, a petitioner cannot simply state that the testimony sought would have been favorable.

Sinclair has clearly not demonstrated attorney error based on his counsel's failure to call Alexander and Crawford as witnesses. First, Sinclair has failed to present evidence of the actual testimony that was to be offered or an affidavit from either witness; therefore, he has not made the requisite factual showing. Second, Sinclair has failed to show that Alexander or Crawford could have been located even if they had been subpoenaed or that their testimonies, if adduced, would have been admissible at trial, let alone favorable. Where a petitioner fails to make the necessary factual showing, mere conclusory allegations are insufficient to demonstrate that trial counsel was ineffective for failing to call a witness to testify. See Strickland, 466 U.S. at 688-689; see also Williamson v. Moore, 221 F.3d 1177, 1181 (11th Cir. 2000) ("Counsel cannot be said to be ineffective for failing to call an unavailable

witness.") (citation omitted). Third, although Alexander and Crawford may have testified that Sinclair and the victim had been engaged in a consensual sexual relationship, Sinclair does not allege that they would have presented testimony that they were present and witnessed the alleged rape, that Sinclair was not present when the alleged rape occurred or that Sinclair was not the actual perpetrator. Thus, there is no basis for believing that their testimony would have likely resulted in "a viable, outcome changing defense." Jordan, 2008 U.S. Dist. LEXIS 831 at *12, 2008 WL 89848 at *5.

Counsel's decision whether to call a particular witness is a matter of trial strategy entitled to great deference. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) (citing Waters v. Thomas, 46 F.3d 1506, 1512, 1518-19 (11th Cir. 1995) (en banc)). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the court] will seldom, if ever, second guess." Waters, 46 F.3d at 1512; Chandler, 218 F.3d at 1314 n. 14 (describing the decision to call some witnesses and not others as "the epitome of a strategic decision" (quotation marks omitted)); United States v. Long, 674 F.2d 848, 855 (11th Cir. 1982) (appellate court "will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses").

Further, even assuming that trial counsel's failure to call

Alexander or Crawford to support Sinclair's theory was somehow deficient, Sinclair has not shown that such failure prejudiced him in any way such that the jury would not have convicted him. See Strickland, 466 U.S. at 688. Put another way, Sinclair has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyers had taken the action that he alleges they should have taken. Because Sinclair's trial attorneys' tactical decision not to call Alexander or Crawford as witnesses was well within the range of prevailing professional standards, this claim fails under Strickland.

In addition, Sinclair contends that his trial counsel prevented him from testifying in his own defense. Again, although not specified herein, in Petitioner's previous pleadings in the state courts, he complains that he relied on trial counsel's advice in deciding whether or not to testify in his own defense and that "attorneys for the Petitioner merely scared the Petitioner from the stand by using the State entitlement to cross examine this petitioner and bring up other insignificant charges, which clearly worked and kept the Petitioner from testifying which was counsel's choice and not the petitioner who was claiming his innocence...." (Doc. 6, Ex. E at 34-5).

It is well settled that a criminal defendant has a fundamental constitutional right to testify in his own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52, 107 S. Ct. 2704, 97 L. Ed. 2d 37

(1987); <u>United States v. Teague</u>, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc).   Thus, every criminal defendant is privileged to testify in his own defense or refuse to do so. <u>Faretta v. California</u>, 422 U.S. 806, 834 n. 45, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (quotation omitted). Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide. <u>Teague</u>, 953 F.2d at 1533.  Because the burden of ensuring that a criminal defendant is informed of the nature and existence of the right to testify rests upon trial counsel, it is therefore a component of effective assistance of counsel. <u>Teague</u>, 953 F.2d at 1533; <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998).

The record in this case reflects that after being fully advised of his right to testify, Sinclair affirmatively advised the trial judge that he, and not his lawyers, elected not to testify at trial:

> Mr. Padgett: Judge, I just want to put on the record that we have discussed the matter of whether or not Mr. Sinclair will testify in this trial. And we discussed it with Mr. Sinclair, and he is determined that he is not going to testify in this trial.
>
> Is that right, Mr. Sinclair?
>
> The Defendant: Yes, sir.
>
> Mr. Bedwell: And you feel it's in your best interest, Thomas, not to testify in this trial?
>
> The Defendant: Yes, sir, I do.

Mr. Bedwell: Have we tried to persuade you in anyway as not to testify?

The Defendant: No, sir.

Mr. Bedwell: Have we told you it's totally your decision; if you want to testify you can?

The Defendant: Yes, sir.

Mr. Bedwell: And you choose not to testify in this trial?

The Defendant: I do.

The Court: Is that all?

Mr. Bedwell: Yes, sir.

The Court: Anything from the State?

Mr. Winters: No, sir. Nothing from the State.

The Court: Okay. Thank you.

(Doc. 7, Vol. 2, pp. 34-35 (R.103-104)). Sinclair's allegation that he was improperly precluded from testifying is affirmatively contradicted by the record, and the state court was entitled to rely upon Petitioner's statements on the record. Further, Sinclair's acknowledgment to the trial judge demonstrates his ultimate accord with the defense strategy and belies his allegation that counsel forbade him from testifying. Moreover, such advice of counsel was clearly reasonable under the circumstances, amounting to proper trial strategy, given the fact that Sinclair's credibility, due to a prior criminal history, would have been subject to attack by the prosecution. See Strickland, 466 U.S. at

19

689-91; <u>United States v. Costa</u>, 691 F.2d 1358, 1364 (11th Cir.
1982). Aside from his bare assertions, Sinclair has offered nothing
to demonstrate that his statements to the trial judge were false,
that he did not knowingly or voluntarily waive his right to testify
before the court, or that his trial counsel improperly coerced him
into not taking the stand. Sinclair has not alleged that he was not
apprised that he had a right to testify.   To the contrary, he
admits repeatedly throughout his pleadings that counsel advised him
of this right but contends that counsel "misadvised him on
testifying In his own defense...." (Doc. 6, Ex. F at 17).
Moreover, even if Sinclair testified to a having a prior
relationship with the victim and made a blanket assertion of
innocence, or attempted to negate his involvement in the offenses,
he has not established any basis to believe his testimony would
have resulted in an acquittal. Thus, Sinclair's trial counsel was
not ineffective under <u>Strickland</u> for failing to call him to
testify. Accordingly, Petitioner's instant claim fails to provide
a basis for relief.

Interrelated with Sinclair's claim that counsel prevented him
from testifying is his contention that counsel "misadvised"[11] him

---

[11]Sinclair's allegation that counsel "misadvised" him about
his trial is unclear. As best the Court can discern, Sinclair
appears to allege that not only did trial counsel deny him his
right to testify, but they misinformed him concerning the value
or necessity of his testimony at trial. <u>See</u> (Doc. 6, Ex. F at
17).

concerning his trial. This claim of ineffective assistance of counsel is also without merit. To begin, even if counsel did advise Sinclair that they believed it would not be a good idea for him to testify because if he did so, the State would be able to impeach him with evidence of a prior conviction, Sinclair has not shown that counsel's actions were improper. See (Doc. 6, Ex. F at 35). Trial counsel may advise the defendant, and should do so in the strongest possible terms, not to testify if counsel believes that it would not be wise for the defendant to testify. Teague, 953 F.2d at 1533. Moreover, *assuming arguendo* that counsel's advice to Sinclair regarding his right to testify was somehow deficient, Sinclair has not shown that he was prejudiced by counsel's alleged deficiency. The record reflects that defense counsel made a reasonable investigation of the facts, including the victim's medical history, was well-prepared for trial, provided a thorough cross-examination of the state's witnesses, made appropriate objections, and moved for judgment of acquittal at the close of the State's evidence. (Doc. 7, Vol. A, Pt. 1, pp. 4-111 (R. 4-73)); (Doc. 7., Vol. 2, pp. 5-38 (R. 74-107)). Accordingly, Sinclair cannot demonstrate that there is a reasonable probability that the jury would have rejected the evidence against him and acquitted him based upon his proposed testimony. Because Sinclair has failed to establish he was prejudiced by counsel's allegedly erroneous advice concerning whether he should testify, the instant claim likewise

fails under Strickland. See Strickland, 466 U.S. at 688; see also
Evans v. McNeil, 2009 U.S. Dist. LEXIS 91121, at *45 (N.D. Fla.
Sept. 30, 2009) (Defendant failed to show that his testimony would
have established a reasonable doubt about his guilt in light of the
record); United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001)
(noting defendant did not even address the viability of the
countervailing tactical reasons that his counsel might have had for
declining to call him to the stand, that is, the government could
have easily attacked his credibility by using his prior drug
convictions); Ross v. Johnson, 2000 U.S. Dist. LEXIS 3576, 2000 WL
284204 (S.D. Ala. Feb. 7, 2000) (petitioner cannot establish
prejudice under Strickland since he failed to demonstrate that he
would have testified to an exculpatory set of facts that a
reasonable jury could have accepted, or that under these
circumstances his taking the stand would have affected the outcome
of trial).

Lastly, Sinclair alleges that his trial counsel failed to
fully investigate his case and that they were admittedly
inexperienced in rape cases. However, Sinclair fails to allege with
sufficient specificity his attorneys' failures with respect to
these claims. For instance, Sinclair asserts that his attorneys
failed to investigate his case, but he does not concretely indicate
what action they should have reasonably taken. In addition,
Sinclair points to no clearly exculpatory evidence that his counsel

should have discovered but did not. Nor has he indicated what, if anything, a more thorough investigation would have revealed. Indeed, an attorney is under no obligation to undertake an unpromising investigation. <u>Harvey v. United States</u>, 850 F.2d 388, 403 (8th Cir. 1988). Sinclair's claim in this regard should fail because he has not demonstrated what possible affect further investigation would have had on the jury's verdict, nor has he shown through credible evidence that his attorneys' performance was deficient. Aside from Sinclair's self-serving allegations, he fails to provide evidence to demonstrate deficient performance or actual prejudice.   As such, his bare and conclusory allegations of ineffective assistance of counsel are insufficient to necessitate further consideration. <u>See</u> <u>United States v. Robinson</u>, 64 F.3d 403, 405 (8th Cir. 1995); <u>Ferguson v. United States</u>, 699 F.2d 1071 (11th Cir. 1983). Thus, Sinclair's challenge to trial counsel's alleged failure to investigate does not show the harm necessary to establish ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 687-688.

To the extent Sinclair claims that he is entitled to relief merely because, he alleges, counsel were inexperienced in defending rape case, this claim must likewise fail. While the inexperience of counsel may be a factor that contributes to a finding of a lack of effective counsel, it is not in itself enough to establish ineffective assistance of counsel. <u>U.S. v. Kelley</u>, 559 F.2d 399,

401, (5th Cir.), cert. denied, 434 U.S. 1000, 98 S. Ct. 644, 54 L. Ed. 2d 497 (1977). In other words, a lawyer's inexperience does not per se mean that he is ineffective. <u>Chandler</u>, 218 F.3d at 1316 n.18 (citation omitted). Indeed, an attorney can render effective assistance of counsel even if he has had no prior experience in all aspects of criminal advocacy. <u>See</u> <u>United States v. Cronic</u>, 466 U.S. 648, 665, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (rejecting the presumption of ineffectiveness where defendant was represented by a young attorney in his first jury trial); <u>United States v. Lewis</u>, 786 F.2d 1278, 1281-82 (5th Cir. 1986) . Whether a defendant has been afforded the right to counsel depends on whether the attorney is reasonably likely to render effective assistance and does not do so, not on whether counsel has an extensive background in criminal defense practice. <u>Chandler</u>, 218 F.3d at 1316.   Because prejudice cannot be presumed merely from the relative inexperience of counsel, Sinclair 'must identify specific errors or omissions allegedly committed by counsel[,] ... establish that those errors or omissions were professionally unreasonable, and [establish] that the identified errors or omissions resulted in actual harm to the defense in the sense that there exists a reasonable probability that the outcome of the proceeding would have been different had the errors not occurred." <u>Waldrop v. Thigpen</u>, 857 F. Supp. 872, 906 (N.D. Ala. 1994). As indicated above, Sinclair fails to specify actions his counsel would have taken had they been more

experienced. Moreover, the record is devoid of any evidence which supports Sinclair's vague assertions. Consequently, Sinclair has not demonstrated that trial counsel's performance was deficient and that he suffered prejudice as a result of the deficient performance; thus, his claim fails under <u>Strickland</u>.

As noted previously, the appellate court affirmed the trial court's decision denying the claims presented in Sinclair's direct appeal and Rule 32 pleadings, including his challenges to trial counsel's performance. Upon a thorough review of the record and the applicable law, it is clear that Sinclair is not entitled to relief on the basis of any of these claims of attorney error because he has failed to establish under the "contrary to" clause of § 2254(d)(1) that the Alabama state courts applied a rule that contradicts the governing law as set forth in Supreme Court case law, or that the court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Likewise, he has failed to establish under the "unreasonable application" clause that the state courts, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case. To the contrary, the decisions of the Alabama Court of Criminal Appeals regarding Petitioner's ineffective assistance of counsel claims is completely consistent with <u>Strickland</u>. Thus, Sinclair has not established that he is

entitled to relief under § 2254(d)(1).

In addition, Sinclair has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court must presume as correct the determinations of all factual issues made by the state court. 28 U.S.C. § 2254(e). Sinclair has not rebutted that presumption of correctness by clear and convincing evidence. Accordingly, Sinclair's request for habeas relief on the basis of his claims of ineffective assistance of counsel is due to be denied.[12]

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district

---

[12]Additionally, because Sinclair's vaguely pled petition was liberally construed, any other claim not specifically addressed herein is found to be without merit under the legal principles set forth above.

court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'". <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). Based upon a careful review of the record in this case, the undersigned opines that Sinclair has not made the requisite showing. Thus, he is not entitled to a certificate of appealability.

## <u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Sinclair's rights were not violated and that his request for habeas corpus relief should be denied. The undersigned further opines that Petitioner is not entitled to a certificate of appealability. It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **15th** day of **March, 2010.**

    /s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   *Objection*.   Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[13] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen

---

[13]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

(14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.